

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2002

# USA v. Bowie

Precedential or Non-Precedential:

Docket 99-3495

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation
"USA v. Bowie" (2002). *2002 Decisions.* Paper 17.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/17

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 99-3495
_____

UNITED STATES OF AMERICA

v.

CHARLES TYRONE BOWIE

Charles T. Bowie,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 98-cr-00285)
District Judge: Honorable Thomas I. Vanaskie
_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2002

Before: MANSMANN, RENDELL, and FUENTES, Circuit Judges

(Filed January 15, 2002)
_____

MEMORANDUM OPINION
_____

RENDELL, Circuit Judge.

On January 26, 1999, Charles Bowie entered a plea of guilty to one count of bank fraud in violation of 18 U.S.C. 1344. As part of his plea agreement, Bowie agreed to make full restitution. Pursuant to the agreement, related state charges pending against him were dropped. He was sentenced to 21 months imprisonment and five years supervised release, as well as required to pay restitution of $13,198.86. Bowie requested counsel to file an appeal, and Bowie's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), requesting to withdraw as counsel. Counsel has averred that there are no non-frivolous issues to be raised on appeal, and, as Anders requires, he

has directed us to the three possible challenges to his sentencing Bowie might raise.

First, the base offense level of 6 that is applicable to offenses under 18 U.S.C. 1344 was raised by four levels pursuant to the Sentencing Guidelines. Bowie contends that, using the restitution figure as the loss figure, the offense level should have been raised only three levels. This argument is without merit. Following 2F1.1, Application Note 8 provides: "Consistent with the provisions of 2X1.1 (Attempt, Solicitation, or Conspiracy), if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." The commentary to 2F1.1 of the Sentencing Guidelines is binding. See, e.g., United States v. Geevers, 226 F.3d 186, 189 (3d Cir. 2000). Because the intended loss is calculated using the total amount of the checks he deposited, in this case $32,687.04, there is no error in applying the enhancement for amounts more than $20,000 rather than the enhancement for amounts over $10,000, as would have been the case if the loss were calculated using only the restitution amount.

Second, Bowie contends that he was entitled to a one-point reduction under 3E1.1 of the Guidelines because he provided the government with timely information as to his and others' involvement. Bowie was credited the two offense levels applicable under 3E1.1(a), but the credit under 3E1.1(b) is applicable only if the offense level prior to calculating the credit under 3E1.1(a) was sixteen or higher. Prior to the adjustment, Bowie's offense level was only 12, and he thus did not qualify for the additional credit.

Third, Bowie urges that we find the supervised release of five years to be excessive. 18 U.S.C. 1344 is a Class B Felony. Because neither the statutory maximum of five years, (see 18 U.S.C. 3583(b)(1)), nor the guideline maximum, also of five years (see 5D1.2) were exceeded, this argument is likewise without merit.

As required by Anders, notice of withdrawal was provided to Bowie, who has not exercised his option to file a pro se brief with this Court. After carefully reviewing the briefs and the presentence report, we will affirm the conviction and sentence, and we will

grant counsel's motion to withdraw.  We are convinced that counsel conducted a
conscientious review of the record and correctly concluded that there were no non-
frivolous issues to be raised on appeal.  He has complied with all the procedures
mandated by Anders.  Our independent review has likewise uncovered no non-frivolous
issues for review.

For the foregoing reasons, we will AFFIRM the Order of the District Court and
GRANT counsel's request to withdraw.

_____

TO THE CLERK OF COURT:

    Please file the foregoing Memorandum Opinion.


                                    /s/ Marjorie O. Rendell
                                    Circuit Judge

Dated:  January 15, 2002